UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED

99 DEC 15 PM 2: 13

U.S. DISTRICT COURT
N.D. OF ALABAMA

PAUL WILLIAMSON,                    )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )
                                    )        CV 99-BU-2689-M
AOD FEDERAL CREDIT UNION,           )
                                    )        **ENTERED**
        Defendant.                  )
                                    )        DEC 1 5 1999

Memorandum Opinion

Now before the Court is a motion filed December 7, 1999 by Defendant AOD Federal
Credit Union ("Credit Union") requesting the Court to dismiss the complaint[1] filed by Plaintiff
Paul Williamson, pro se, for failure to state a claim upon which relief can be granted, pursuant
to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, to order Plaintiff to file a
more definite statement, pursuant to Federal Rule of Civil Procedure 12(e).  (Doc. No. 3).
The Court concludes that the Credit Union's motion to dismiss Plaintiff's complaint is due to
be GRANTED; however, Plaintiff will be afforded leave to file an amended complaint before
a final judgment dismissing this action is entered.  Plaintiff will be required to file his amended
complaint on or before DECEMBER 31, 1999.

I. BACKGROUND

On June 28, 1988, Judge Jim Embry, Jr., Circuit Court for St. Clair County, Alabama,

---

[1]Plaintiff titled his initial filing in this case, "Respond to Motion for Summary Judgment."
(Doc. No. 1).  The Court deems this to be the complaint.

5

entered an order granting a motion for summary judgment in Civil Action Number CV84-66,,
whereby Plaintiff and his mother Ruby Nell Williamson were held jointly liable to the Credit
Union in the amount of $12,235.55, which included principal, accrued interest, and attorney's
fees. In that same order, Plaintiff was held individually liable to the Credit Union in the amount
of $5,076.68, which also included principal, accrued interest , and attorney's fees. Attached
to Plaintiff's complaint is a copy of this summary judgment order, around which Plaintiff's
allegations in this action revolve.

    A portion of Plaintiff's complaint is devoted to contesting certain legal and/or factual
determinations made by Judge Embry in connection with the summary judgment. See
Complaint ¶¶ 2 & 5. Plaintiff also makes vague and conclusory allegations that fraud was
somehow involved in the procurement of the judgment, as he states, "The Plaintiff prove[d] to
his attorney Robert Turner that fraud was invol[v]ed and fraud was proven, before Judge Jim
Embry, Jr. and defendant[']s attorney Harry Long to be fraud." [Sic]. Complaint ¶ 4. In what
may be a similar vein, Plaintiff also contends that "Judge Jim Embry, Jr. would meet behind
close[d] doors in the Judge Chamber," thereby depriving him, he alleges, of "a chance in open
court to defend [himself]." Id. ¶ 3. Asserting that the Fourteenth Amendment to the United
States Constitution is the basis for his claims for relief, Plaintiff requests that "all [accrued]
interest and attorney fees and cost[s] be refund[ed] to" him, id. at ¶ 1, and that he be awarded
punitive damages, and any other appropriate relief. Id. at ¶ 6.

## II.  DISCUSSION

    The Credit Union argues that Plaintiff's complaint is due to be dismissed pursuant to
Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be
granted. When considering a Rule 12(b)(6) motion to dismiss, a court must accept the
allegations in the complaint as true, construing them in the light most favorable to the plaintiffs.

See Roberts v. Florida Power & Light Co., 146 F.3d 1305, 1307 (11th Cir.1998), cert. denied, --- U.S. ----, 119 S.Ct. 1027 (1999). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Stone v. Wall, 135 F.3d 1438, 1442 (11th Cir. 1998), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Further, where a more carefully drafted complaint might state a claim, a plaintiff generally must be given at least one chance to amend the complaint before the district court dismisses the action. See Bank v. Pitt, 928 F.2d 1008, 1112 (11th Cir. 1991), and cases cited therein.

The Credit Union contends that many of Plaintiff's asserted claims amount to an improper attempt to have this Court review the summary judgment entered by Judge Embry in the state court. The Court agrees. To the extent that Plaintiff is attempting to have this Court correct errors allegedly made by the state court in entering that summary judgment, which is final and valid on its face, such claims are not viable. "[F]ederal district courts have no authority to review final judgments of state courts." Biddulph v. Mortham, 89 F.3d 1491, 1495 n.1 (11th Cir. 1996), citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 480-82 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923). See also Warriner v. Fink, 307 F.2d 933 (5th Cir. 1962),[2] cert. denied, 372 U.S. 943 (1963); Collins v. Collins, 597 F.Supp. 33 (N.D. Ga. 1984).

The Credit Union next argues that, despite Plaintiff's assertion that he brings this action based upon the Fourteenth Amendment to the United States Constitution, Plaintiff has not

---

[2]All decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc). Also binding precedent in the Eleventh Circuit are all of the post-September 30, 1981 decisions of Unit B of the former Fifth Circuit. Stein v. Reynolds Securities, Inc., 667 F.2d 33, 34 (11th Cir. 1982).

stated a federal claim over which this Court has jurisdiction. While the Court again agrees, it finds that it is not certain that Plaintiff will not be able to state such a claim in a more carefully drafted amended pleading. 42 U.S.C. § 1983 establishes a cause of action for constitutional violations committed under color of state law,[3] and this Court would have jurisdiction over such claims pursuant to 28 U.S.C. § 1343(a)(3). See Chapman v. Houston Welfare Rights Organization, 441 U.S. 600 (1979). Plaintiff has alleged that some species of fraud was present in connection with the state court judgment entered in favor of the Credit Union and against Plaintiff. These allegations could be interpreted as obliquely hinting that Judge Embry entered into some corrupt conspiracy with the Credit Union in connection with ruling on the motion for summary judgment.[4] The United States Court of Appeals for the Eleventh Circuit has recognized that a private party may be liable under section 1983 for depriving a person of rights protected under the procedural aspect of the Fourteenth Amendment Due Process Clause based upon the party's entering into a corrupt bargain with a state court judge in connection with his judicial duties. See Dykes v. Hosemann, 743 F.2d 1488, 1493-94, 1498 (11th Cir. 1984); see also Dennis v. Sparks, 449 U.S. 24, 28- 29 (1980). However, "[t]he naked assertion of a conspiracy between a state judge and private defendants without supporting operative facts provides an insufficient state action nexus for a section 1983 action." Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984), citing Sooner Products Co. v. McBride, 708 F.2d 510, 512

---

[3]Section 1983 provides, in relevant part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ."

[4]The Court is inclined to believe, however, that it is more likely that Plaintiff's allegations of fraud are attributable to Plaintiff's unfamiliarity with the disposition of civil cases as a matter of law through the mechanism of summary judgment. See generally Federal Rule of Civil Procedure 56; Alabama Rule of Civil Procedure 56.

(10th Cir. 1983). Thus, a complaint that contains "inadequate factual averments,"id., to show that such a conspiracy exists fails to state a claim and may be dismissed. See id.; Sooner Products Co., supra; Fries v. Helsper, 146 F.3d 452, 457-58 (7th Cir. 1998); Schucker v. Rockwood, 846 F.2d 1202, 1204-05 (9th Cir. 1988); Arsenaux v. Roberts, 726 F.2d 1022, 1023 (5th Cir. 1982). In the instant case, not only does Plaintiff fail to allege facts sufficient to indicate the existence of a conspiracy between the Credit Union and Judge Embry, Plaintiff does not expressly allege even generally that any conspiracy actually existed. Thus, the Court concludes that the complaint does not state a claim pursuant to section 1983. However, because the Court also finds it is not certain Plaintiff cannot state such a claim, Plaintiff will be granted leave to file an amended complaint on or before December 31, 1999.[5]

Finally, the Court notes that Plaintiff's complaint might also be interpreted as a request to have the Alabama state court judgment set aside on the basis that it was fraudulently procured. The law of this circuit is that a federal court sitting in diversity may set aside state court judgments for equitable grounds that are recognized by the state as the basis for such

---

[5]The Credit Union has argued that any claim that Plaintiff might state, would be barred by the two year statute of limitations of § 6-2-38, Ala. Code 1975, which is applicable to section 1983 claims brought in Alabama. See Dukes v. Smitherman, 32 F.3d 535, 537 n.1 (11th Cir. 1994); Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989). From this, it might be argued that it is futile to allow Plaintiff to replead and that the action should, therefore, be dismissed immediately. See Moore v. Baker, 989 F.2d 1129, 1131-32 (11th Cir. 1993) (holding that a court may deny leave to amend the complaint to add a proposed claim where it appears such amendment would be futile because the claim would be barred by the statute of limitations). However, this circuit recognizes an equitable tolling doctrine in the context of § 1983 actions, whereby if a defendant fraudulently conceals a wrong, the statute of limitations does not begin running until the plaintiff discovers, or by the exercise of reasonable diligence, should have discovered the cause of action. See Rozar v. Mullis, 85 F.3d 556, 562 (11th Cir. 1996);Mullinax v. McElhenney, 817 F.2d 711, 716-17 (11th Cir. 1987). It would seem likely that any section 1983 claim based upon the events surrounding the state court judgment, which was entered more than 11 years ago, will be barred by the statute of limitations. However, it is not certain at this point that it actually will be, because of the equitable tolling doctrine, so the Court will grant Plaintiff leave to amend his complaint.

action, such as fraud or lack of jurisdiction. See O'Boyle v. Bevil, 259 F.2d 506, 512 (5th Cir. 1958), cert. denied, 359 U.S. 913 (1959). Cf. S.E.C. v. ESM Group, Inc., 835 F.2d 270, 272 n.1 (11th Cir. 1988) (considering whether the elements to set aside a state court judgment were indicated by a plaintiff's complaint in federal court, although not reserving the issue of whether such an inquiry was to be analyzed under state or federal law). Alabama law does recognize that judgments may be set aside for such reasons, see Alabama Rule of Civil Procedure 60(b), and Plaintiff's complaint does invoke 28 U.S.C. § 1332, which concerns diversity jurisdiction. However, for a federal court to have diversity jurisdiction the plaintiff must allege a proper jurisdictional basis in the complaint including an amount in controversy in excess of $75,000 exclusive of interest and costs, and that the plaintiff and defendants are citizens of different states. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). Plaintiff's complaint does not allege the state of citizenship of either himself or the Credit Union or that they are diverse. Thus, his complaint is insufficient to confer diversity jurisdiction. Taylor, supra.

### III.  CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's complaint fails to state a claim upon which relief can be granted. Accordingly, the Credit Union's motion (Doc. No. 3) to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) is due to be GRANTED. However, Plaintiff will be granted leave to file an amended complaint, which Plaintiff is ORDERED to file on or before DECEMBER 31, 1999. Plaintiff is advised, however, that this Court has no authority to review the correctness of the summary judgment entered by Judge Jim Embry, Jr. in the Circuit Court of St. Clair County, Alabama. To the extent Plaintiff believes that some kind of fraud was involved in granting that summary judgment, Plaintiff's amended complaint must allege with greater particularity and detail: (1) what fraudulent acts he believes occurred, (2) who he believes engaged in them, (3) what his basis is for believing

they occurred, and (4) when he found out about such fraud.  Plaintiff is also advised that by presenting a pleading or other paper to this Court, he is certifying that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, his allegations or factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.  Federal Rule of Civil Procedure 11(b)(3).  Plaintiff's failure to sufficiently and appropriately amend his complaint as ordered herein will result in the dismissal of this case.

DONE and ORDERED, this 14th day of December, 1999.


_____
H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE