FILED

00 JAN -4 PM 5:50

U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| PAUL WILLIAMSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) | CV 99-BU-2689-M |
| AOD FEDERAL CREDIT UNION, )<br>) | **ENTERED** |
| Defendant. )<br>) | JAN 0 4 2000 |

Memorandum Opinion

On December 15, 1999, this Court entered an order granting a motion filed by Defendant AOD Federal Credit Union ("Credit Union") to dismiss the original complaint of Plaintiff Paul Williamson, pro se, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief could be granted. However, the Court also granted leave to Plaintiff to file an amended complaint, while counseling him that he had to be more specific in his allegations of fraudulent conduct. Now before the Court is Plaintiff's amended complaint, that was filed December 30, 1999. (Doc. No. 12). And while Plaintiff has pled his case with somewhat greater particularity, Plaintiff's amended pleadings demonstrate that he still has not stated a claim upon which relief can be granted and that any potential claims that he might have stated are untimely, as argued by the Credit Union's initial Rule 12 motion. Consequently, the Court, sua sponte, concludes that Plaintiff's complaint is due to be DISMISSED WITH PREJUDICE.

## I. BACKGROUND

An examination of Plaintiff's original and amended pleadings, and a copy of a summary judgment order attached to the former, reveals the following: In 1984, the Credit Union brought suit in Alabama state court against Plaintiff and his mother, Ruby Nell Williamson, seeking to collect amounts allegedly owed on loans made to them by the Credit Union. By stipulation of the attorneys on both sides, the case was submitted to the presiding judge, Jim Embry, Jr., on motion for summary judgment. See Attachment to Original Complaint. On June 28, 1988, Judge Embry entered an order granting summary judgment in favor of the Credit Union, whereby Plaintiff and his mother Ruby Nell Williamson were held jointly liable in the amount of $12,235.55, and Plaintiff was held individually liable in the amount of $5,076.68. Id. Plaintiff's lawyers in the case, however, failed to inform him of this judgment. Rather, on October 3, 1988, Plaintiff went to the county courthouse in Pell City, Alabama, to find out when his trial in the case would be held, and at that time the court clerk told him of the judge's summary judgment ruling and that the time for him to appeal had expired. Amended Complaint ¶ 4. In the present action, Plaintiff alleges that the Credit Union, "by" its attorney in the state court action, Harry P. Long, "payed off" Judge Embry and Plaintiff's own attorneys, Robert H. Turner and Carlos Williams. Amended Complaint ¶ 1. As the basis for his belief that Judge Embry had corruptly conspired with the Credit Union's attorney, Plaintiff alleges that despite the fact that during the course of that litigation, Judge Embry "kept repeating in the courtroom that according to the law that he has no choice but to rule in Mr. Williamson's favor," id. & ¶ 3, he resolved the summary judgment motion adversely to him.

## II. DISCUSSION

Sua sponte, the Court now considers whether to dismiss this action for failure to state a claim upon which relief can be granted. When considering this issue, a court must accept the allegations in the complaint as true, construing them in the light most favorable to the plaintiff. See Roberts v. Florida Power & Light Co., 146 F.3d 1305, 1307 (11th Cir. 1998), cert. denied,

--- U.S. ----, 119 S.Ct. 1027 (1999). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Stone v. Wall, 135 F.3d 1438, 1442 (11th Cir. 1998), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Plaintiff has asserted that the Credit Union, "by" its attorney, "payed off" Judge Embry in connection with the 1984 collection action brought in Alabama state court, which resulted in a judgment being entered against the Plaintiff and his mother. 42 U.S.C. § 1983 establishes a cause of action for constitutional violations committed under color of state law.[1] The United States Court of Appeals for the Eleventh Circuit has recognized that a private party may be liable under section 1983 for depriving a person of rights protected under the procedural aspect of the Fourteenth Amendment Due Process Clause based upon the party's entering into a corrupt bargain with a state court judge in connection with his judicial duties, even though the judge himself would be immune from suit. See Dykes v. Hosemann, 743 F.2d 1488, 1493-94, 1498 (11th Cir. 1984); see also Dennis v. Sparks, 449 U.S. 24, 28-29 (1980); DuBose v. Kelly, 187 F.3d 999, 1004 (8th Cir. 1999). This Court would have jurisdiction over such a claim pursuant to 28 U.S.C. § 1343(a)(3). See Chapman v. Houston Welfare Rights Organization, 441 U.S. 600 (1979). However, "[t]he naked assertion of a conspiracy between a state judge and private defendants without supporting operative facts provides an insufficient state action nexus for a section 1983 action." Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984), citing Sooner Products Co. v. McBride, 708 F.2d 510, 512 (10th Cir. 1983). Thus, a complaint that contains "inadequate supporting factual averments," 746 F.2d at 785, to indicate that such a conspiracy existed fails to state a claim and may be dismissed. See Sooner Products Co.,

---

[1] Section 1983 provides, in relevant part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ."

supra; Fries v. Helsper, 146 F.3d 452, 457-58 (7th Cir. 1998); Arsenaux v. Roberts, 726 F.2d 1022, 1023 (5th Cir. 1982).

In the present case, Plaintiff has not asserted any facts indicating that the Credit Union did anything more than win the lawsuit it brought against Plaintiff and his mother in 1984. "Obviously, being on the winning side of a lawsuit does not make a defendant a co-conspirator or a joint actor with the judge who presided over the case." Phillips, 746 F.2d at 785, citing Dennis, 449 U.S. at 28. Thus, the Court concludes that Plaintiff has failed to state a claim against the Credit Union under 42 U.S.C. § 1983, because his conclusory allegations fail to provide any factual basis for believing a conspiracy existed between the Credit Union and Judge Embry.

In addition, Plaintiff's amended pleadings demonstrate that even if he has stated a claim under section 1983, it would be untimely. An argument that a claim is barred by the statute of limitations is an affirmative defense that must be timely pled or it is deemed waived. See Fed. R. Civ. P. 8(c). Generally, the existence of an affirmative defense will not support a motion to dismiss. Quiller v. Barclays American/Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984). However, a statute of limitations defense may be considered on a motion to dismiss for failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6) when the complaint shows on its face that the limitations period has run. Avco Corp. v. Precision Air Parts, Inc., 676 F.2d 494, 495 (11th Cir. 1982), citing Mann v. Adams Realty Co., 556 F.2d 288 (5th Cir. 1977); Mooney v. Tallant, 397 F.Supp. 680 (N.D. Ga. 1975). Moreover, a federal district court may sua sponte dismiss a complaint as untimely so long as the defendant has not waived the defense. Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993); Leonhard v. United States, 633 F.2d 599, 609 n.11 (2nd Cir. 1980). See also Lampliter Dinner Theater, Inc. v. Liberty Mut. Ins. Co., 792 F.2d 1036, 1045 n.10 (11th Cir. 1986) (noting that numerous circuits have held that a trial court may dismiss a complaint on its own motion for failure to state a claim). Further, a trial court may dismiss a claim sua sponte under

Fed. R. Civ. P. 12(b)(6) and without notice where the claimant cannot possibly win relief. Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987). But see Mitchell v. Farcass, 112 F.3d 1483, 1492 (11th Cir. 1997) (recognizing that under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon).

In the instant case, the Credit Union has not waived the defense that Plaintiff's claims are untimely. In response to Plaintiff's original complaint, the Credit Union filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12, arguing, inter alia, that his claims were barred by the statute of limitations set forth in § 6-2-38, Ala. Code 1975. See Doc. No. 3. Therefore, the Court finds that it can properly address whether the face of Plaintiff's amended pleading clearly shows that his claims are untimely.

A two-year statute of limitations, borrowed from § 6-2-38, Ala. Code 1975, applies to claims brought pursuant to 42 U.S.C. § 1983 in Alabama. See Dukes v. Smitherman, 32 F.3d 535, 537 n.1 (11th Cir. 1994); Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989). The limitations period for such claims begins to run from the time the Plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the cause of action. Rozar v. Mullis, 85 F.3d 556, 562 (11th Cir. 1996); Mullinax v. McElhenney, 817 F.2d 711, 716-17 (11th Cir. 1987). In the present case, Plaintiff claims that he "found out or believed . . . fraud was involved between [his] attorneys, former Judge Jim Embry Jr. and [the Credit Union]" on October 3, 1988, when he went to the county courthouse to find out about his trial date and discovered that a judgment had been entered against him in the case. Amended Complaint ¶ 4. More than 11 years have passed since then. Accordingly, it is clear that any section 1983 claim based upon such alleged fraud or corruption between the Credit Union and Judge Embry is barred by the two-year statute of limitations.

### III. CONCLUSION

Based upon the foregoing, the Court concludes that Plaintiff has failed to state a claim

upon which relief can be granted. Plaintiff has failed to allege sufficient supporting facts to indicate that there was a corrupt conspiracy between the Credit Union and Judge Embry, so as to implicate state action for purposes of 42 U.S.C. § 1983. Moreover, it is apparent from the face of Plaintiff's complaint that any claim Plaintiff might have stated premised upon such wrongdoing has long since become untimely. Consequently, the Court hereby ORDERS that this action is DISMISSED WITH PREJUDICE.

DONE and ORDERED, this 4th day of January, 2000.

_____
H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE